**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDALL WYNN,

                Plaintiff - Appellant,

v.

THOMAS TURNER; et al.,

                Defendants - Appellees.

No. 14-35967

D.C. No. 6:13-cv-02296-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

     Randall Wynn appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging various constitutional violations arising from

his detention in county jail.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We may

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Wynn's deliberate indifference claim because Wynn failed to raise a genuine dispute of material fact as to whether defendants Turner, Fox, and Dierling were deliberately indifferent in their response to Wynn's request for dental care. *See Toguchi*, 391 F.3d at 1057 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health); *see also Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc) ("A prison medical official who fails to provide needed treatment because he lacks the necessary resources can hardly be said to have intended to punish the inmate.").

The district court properly granted summary judgment on Wynn's access-to-courts claim because Wynn failed to create a triable dispute as to whether he was denied a constitutional right by being asked to explain why he was requesting access to the law library. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (outlining the scope of an access-to-courts claim).

The district court properly granted summary judgment on Wynn's claims relating to unconstitutional conditions of confinement because Wynn failed to raise a triable dispute as to whether his constitutional rights were violated. *See Caffaso,*

*U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Dismissal of defendants Corizon Medical Service and Schilt was proper because Wynn failed to state a claim against these defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" (citation and internal quotation marks omitted)); *Toguchi*, 391 F.3d at 1057 (requirements for deliberate indifference claim).

The district court did not abuse its discretion in denying Wynn's motion for discovery and subpoenas because there were no pending discovery requests.

Wynn's motion for the appointment of counsel, filed on May 7, 2015, is denied.

Wynn's request for sanctions against defendants Corizon Medical Services and Schilt, set forth in Wynn's opening brief, is denied.

All other pending requests are denied.

**AFFIRMED.**